1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6
7

MICHAEL HUMMEL,

                    Plaintiff,

8
9

        v.

10

BIMBO BAKERIES USA, INC.,

                    Defendant.

11
12

Case No.  14-cv-03683-JSC

**ORDER RE: DEFENDANT'S
UNOPPOSED ADMINISTRATIVE
MOTION TO FILE DOCUMENTS
RELATING TO SETTLEMENT UNDER
SEAL**

Re: Dkt. No. 50

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

        Plaintiff Michael Hummel, a former relief driver for Defendant Bimbo Bakeries USA

("Bimbo"), brought suit on behalf of himself and other similarly situated individuals alleging

violation of state and federal wage and hour laws.  Following final approval of a class action

settlement in the Central District of California, Plaintiff dismissed his class allegations leaving his

individual state law wage and hour claims and an individual Fair Labor Standards Act ("FLSA")

overtime claim.  On August 19, 2015, the parties notified the Court that they had settled this

matter and Defendant filed the now pending unopposed administrative motion to file documents

relating to the settlement under seal. (Dkt. No 50.)  In particular, Defendant seeks to file the

parties' joint motion for judicial approval of their settlement agreement and the final settlement

agreement under seal.  The motion is GRANTED in part.  Defendant has demonstrated a

compelling reason for confidentiality of the settlement amount (but not the entire settlement

agreement) sufficient to rebut the presumption of public access in FLSA cases.

## LEGAL STANDARD

        "[T]he courts of this country recognize a general right to inspect and copy public records

and documents, including judicial records and documents." *Nixon v. Warner Communications,*

*Inc.*, 435 U.S. 589, 597, n.7 (1978); *see also Foltz v. State Farm Mutual Auto Insurance Com*p., 331 F.3d 1124, 1134 (9th Cir. 2003) ("In this circuit, we start with a strong presumption in favor of access to court records."). The right is justified by the interest of citizens in "keep[ing] a watchful eye on the workings of public agencies." *Nixon*, 435 U.S. at 598.  The right, however, "is not absolute and can be overridden given sufficiently compelling reasons for doing so." *Foltz*, 331 F.3d at 1135; *see e.g*., *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989). The "compelling reasons" standard is a strict one, and "[s]imply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden."  *Kamakana v. City and County of Honoloulu*, 447 F.3d 1172, 1184 (9th Cir. 2006).  The court must "balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id*. at 1179; *see also Apple Inc. v. Psystar Corp*., 658 F.3d 1150, 1162 (9th Cir. 2011).

In addition, parties moving to seal documents must comply with the procedures set forth in Civil Local Rule 79–5. The rule permits sealing only where the parties have "establishe[d] that the document or portions thereof is privileged or protectable as a trade secret or otherwise entitled to protection under the law." Civ. L.R. 79–5(b).  It requires the parties to "narrowly tailor" their requests only to the sealable material.  *Id*. at 79–5(d).  Thus, although sometimes it may be appropriate to seal a document in its entirety, whenever possible a party must redact.  *See Kamakana*, 447 F.3d at 1183 (noting a preference for redactions so long as they "have the virtue of being limited and clear"); *Murphy v. Kavo Am. Corp*., 11–cv–00410–YGR, 2012 WL 1497489, at *2–3 (N.D. Cal. Apr. 27, 2012) (denying motion to seal exhibits but directing parties to redact confidential information). Whatever the basis, the court "must articulate [the] reasoning or findings underlying its decision to seal." *Apple*, 658 F.3d at 1162.

## DISCUSSION

Defendant seeks to file documents related to the settlement of this action under seal. Because the settlement involves FLSA claims, it is subject to judicial approval and the Court

2

1   "must determine whether the settlement is a fair and reasonable resolution of a bona fide dispute."

2   *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982); *see also*

3   *Seminiano v. Xyris Ent., Inc.*, 602 Fed.Appx. 682, 683 (9th Cir. 2015) ("FLSA claims may not be

4   settled without approval of either the Secretary of Labor or a district court."); *Yue Zhou v. Wang's*

5   *Restaurant*, No. 05–0279, 2007 WL 2298046, at *1 (N.D. Cal. Aug. 8, 2007) (same).  In contrast

6   to other areas of the law in which settlement agreements frequently remain confidential, FLSA

7   agreements are filed with the court and become judicial records.  "They are therefore subject to a

8   strong presumption in favor of public access, which cannot be overcome absent compelling

9   reasons." *Duran v. Hershey Co.*, No. 14-CV-01184-RS, 2015 WL 4945931, at *1 (N.D. Cal. Aug.

10  10, 2015).

11      District courts thus generally disfavor sealing of FLSA settlement agreements.  *Joo v.*

12  *Kitchen Table, Inc.*, 763 F.Supp.2d 643, 647 (S.D.N.Y. 2011) (collecting cases); *see also Duran*,

13  2015 WL 4945931 at *3 (denying a motion to file a FLSA settlement agreement under seal

14  because "no compelling reason exists to rebut the strong presumption of access in this FLSA

15  case"); *Luo v. Zynga Inc.*, No. 13-CV-00186 NC, 2013 WL 5814763, at *4 (N.D. Cal. Oct. 29,

16  2013) (denying a motion to file a FLSA settlement agreement under seal because the parties failed

17  to overcome the presumption of public access); *Bernstein v. Target Stores, Inc.*, 13-cv-01018-NC,

18  2013 WL 5807581, at *2 (N.D. Cal. Oct. 28, 2013) (observing that "most district courts

19  considering a motion to seal in connection with a motion to approve settlement of FLSA claims

20  have applied a presumption of public access" and denying motion).   Courts often cite "the

21  private-public character of employee rights under the FLSA, whereby the public has an

22  independent interest in assuring that employees['] wages are fair and thus do not endanger the

23  national health and well-being" as a basis for the denial of a sealing request.  *Joo*, 763 F. Supp. 2d

24  at 645 (internal citation and quotation marks omitted).

25      Here, Defendant seeks to file the settlement agreement and joint motion for approval of the

26  settlement agreement under seal because confidentiality was a material term of the parties'

27  settlement and there are privacy interests at stake for both parties.  Defendant contends that

28  confidentiality is necessary to prevent "copy-cat" lawsuits by other former or current employees,

United States District Court
Northern District of California

3

United States District Court
Northern District of California

1    and so Plaintiff can keep the amount of the settlement private from friends, family, and his

2    employer.  (Dkt. No. 50-1 at ¶¶ 6-7.)  The Court is not convinced that either of these justifications

3    constitutes a compelling reason to file the settlement documents under seal in toto given the

4    public-private interests at stake in FLSA actions.

5         As an initial matter, the Court is not persuaded by Defendant's citation to other cases

6    within this district and outside which allowed parties to file FLSA settlement agreements under

7    seal.  As another court within this district noted when considering these same cited examples,

8    "[w]hile some district courts have indeed permitted FLSA settlement agreements to be filed under

9    seal, those decisions are generally threadbare and uniformly fail to acknowledge the considerable

10   body of law counseling against sealing. [Defendant] has succeeded in aggregating a number of

11   sealing orders issued under circumstances similar to those present here, but it has failed to identify

12   any articulable legal principle flowing from those decisions."  *Duran*, 2015 WL 4945931, at *2.

13   (*Compare* Dkt. No. 50-5 – Dkt. No. 50-10 *with Duran*, No. 14-cv-01184, Dkt. No. 45-2 – Dkt.

14   No. 45-7.)

15        The *Duran* court also rejected Defendant's argument that it might be subject to copy-cat

16   lawsuits if the settlement here were made public noting that this type of argument was also

17   rejected by the Ninth Circuit in *Kamakana*.  *See Duran*, 2015 WL 494531, at *2 (citing *Kamakana*

18   447 F.3d at 1179 ("The mere fact that the production of records may lead to a litigant's

19   embarrassment, incrimination, or exposure to further litigation will not, without more, compel the

20   court to seal its records.").)  "A litigant is not entitled to the court's protection from" exposure to

21   "additional liability and litigation." *Foltz*, 331 F.3d at 1137 (holding that exposure to liability in

22   collateral suits is not a compelling reason to overcome the presumption of public access); *see also*

23   *Luo*, 2013 WL 5814763, at *3.

24        Defendant attempts to distinguish the settlement here from traditional FLSA actions

25   suggesting that because this is an individual rather than a collective action and the FLSA claim

26   was just one of Plaintiff's claims, there are no issues of a "private-public character" that would

27   implicate "national health and well-being."  While the latter is technically accurate, at the time the

28   parties notified the Court of the settlement, Defendant's motion for partial summary judgment—

4

1    seeking summary judgment on all Plaintiff's claims *except* his FLSA claims—was pending.  (Dkt.

2    No. 33.)  As a result, Defendant's suggestion that the Court should give less weight to Plaintiff's

3    FLSA claim is unavailing.

4          The Court is, however, persuaded by Defendant's argument that the individual rather than

5    collective nature of this action warrants sealing of the monetary amounts in the settlement

6    agreement.  There is no general public interest in the precise settlement amount and the public can

7    be assured that the settlement is fundamentally fair as it is subject to judicial scrutiny both as to

8    substance and compensation.  And the FLSA does not require that the settlement amount be made

9    public, only that the settlement be approved by the judge.  As a magistrate judge who frequently

10   presides over settlement negotiations, the Court is mindful that the monetary amount of a

11   settlement is often a highly sensitive matter for both parties.  To prohibit parties as a matter of

12   course from maintaining the confidentiality of this information in individual settlements just

13   because an FLSA claim was pled will discourage settlements.  Further, in individual actions such

14   as this the cost of litigation may prove prohibitive for a plaintiff taking a case through trial, but

15   defendants might well be dissuaded from settling if they know that the amount of each settlement

16   will be public.  Further, this particular defendant was subject to a wage and hour class action that

17   settled and thus its wage and hour practices, including practices that affected the plaintiff here,

18   have been made public.  *See Tyrone Smith v. Bimbo Bakeries USA, Inc.*, No. 12-cv-01689-CAS

19   (PJW) (C.D. Cal.).

20         The Court thus concludes that under the facts of this individual action sealing of the

21   settlement amounts is justified.  *See King v. MS Companies, LLC*, No. 2:13-CV-02277-MHH,

22   2015 WL 3657649, at *3 (N.D. Ala. June 12, 2015) (allowing sealing of the settlement amounts in

23   an FLSA action because "this is an isolated case involving only three employees and that all of the

24   managers who were involved in the payment dispute have left the company."); *see also Duran*,

25   2015 WL 4945931, at *2 (noting that "[i]f this case involved individual wage and hour claims

26   arising out of discrete and isolated misconduct, perhaps [defendant's] argument would have some

27   force.").

28

United States District Court
Northern District of California

**CONCLUSION**

For the reasons set forth above, Defendant's motion to seal is GRANTED in part. (Dkt. No. 50.)  Within seven days, Defendant shall file the joint motion for approval of the settlement agreement and the attached settlement agreement on the public docket redacting only the settlement amounts.  The Court will take the motion under submission upon filing.

**IT IS SO ORDERED.**

Dated:  September 21, 2015

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge